USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 09/22/10

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------X
MARY O'DALY FEEHAN,

                         Plaintiff,

          - against -

TIMOTHY G. FEEHAN, et al,

                         Defendants.
------------------------------------------X
DEBORAH A. BATTS, United States District Judge.

09 Civ. 7016 (DAB)
ADOPTION OF REPORT
AND RECOMMENDATION

Pro Se Plaintiff Mary O'Daly Feehan ("Plaintiff") brings the
above-captioned action to recover her share of the proceeds of
her deceased son, Timothy J. Feehan's ("Timothy J.") $250,000
life insurance policy.  Plaintiff claims that the policy – which
names Timothy J.'s father, Timothy G. Feehan ("Timothy G.") and
Timothy J.'s sister, Juliet Feehan, but not Plaintiff, as
beneficiaries – is invalid because her son's initials on the
policy application were forged.  Because in the absence of named
beneficiaries, the proceeds of her unwed son's policy would
otherwise be divided evenly between his parents, Plaintiff
contends that she is entitled to half the proceeds of her son's
policy, a total of $125,000.

Plaintiff filed a letter motion for summary judgment on
December 31, 2009.  Defendant Timothy G. and Third-Party
Defendant Juliet Feehan (collectively, "Defendants") filed a
cross-motion for summary judgment on January 8, 2010.  The case

was reassigned to this Court from the Honorable Denny Chin on May 12, 2010.  The Court referred Parties' Cross-Motions for Summary Judgment to Magistrate Judge Theodore H. Katz on June 4, 2010. Now before the Court is the July 26, 2010 Report and Recommendation of Magistrate Judge Katz ("Report"), recommending that Parties' Cross-Motions for Summary Judgment be DENIED.

Having considered Parties' objections to the Report and having conducted a de novo review of the portions of the Report to which Parties have specifically objected, the Court adopts Judge Katz' Report and Recommendation in its entirety, and denies Parties' Cross-Motions for the reasons set forth below.

I.    July 26, 2010 Report and Recommendation and Objections

The facts relevant to Parties' motions are detailed by Magistrate Judge Katz in his Report (Report at 2-9) and will not be reiterated by the Court here.

Magistrate Judge Katz' Report recommends that Parties' Cross-Motions for Summary Judgment be denied because there are genuine issues of material fact as to (a) whether the life insurance policy application at issue was in fact completed and signed by Timothy J., and therefore, whether the application and its beneficiary designations to Timothy G. and Juliet Feehan are valid; and (b) whether Plaintiff abandoned Timothy J. when he was

a child, which would eliminate Plaintiff's entitlement to any of the policy proceeds, even if the beneficiary designations to Timothy G. and Juliet Feehan were found to be invalid.  Judge Katz considered and disposed of Plaintiff's additional arguments for summary judgment as a matter of law.

"Within fourteen days after being served with a copy [of a Magistrate Judge's Report and Recommendation], a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2); accord 28 U.S.C. § 636(b)(1)(C).  A district court must review de novo "those portions of the report or specified proposed findings or recommendations to which objection is made."  28 U.S.C. § 636(b)(1)(C).  "To the extent, however, that the party makes only conclusory or general arguments, or simply reiterates the original arguments, the Court will review the Report strictly for clear error."  Indymac Bank, F.S.B. v. Nat'l Settlement Agency, Inc., No. 07-CV-6865, 2008 WL 4810043, at *1 (S.D.N.Y. Nov. 3, 2008); see also Ortiz v. Barkley, 558 F.Supp.2d 444, 451 (S.D.N.Y. 2008) ("Reviewing courts should review a report and recommendation for clear error where objections are merely perfunctory responses, argued in an attempt to engage the district court in a rehashing of the same arguments set forth in the original petition.") (citation and internal quotation marks

3

omitted).   After conducting the appropriate levels of review, the Court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate. 28 U.S.C. § 636(b)(1)©.

The objections of pro se parties are "generally accorded leniency and should be construed to raise the strongest arguments that they suggest." Howell v. Port Chester Police Station, 2010 WL 930981, at *1 (S.D.N.Y. Mar. 15, 2010) (citation omitted). "Nonetheless, even a pro se party's objections to a Report and Recommendation must be specific and clearly aimed at particular findings in the magistrate's proposal, such that no party be allowed a second bite at the apple by simply relitigating a prior argument." Id. (quoting Pinkney v. Progressive Home Health Servs., No. 06-CV-5023, 2008 U.S. Dist. LEXIS 55034, at *2-3, 2008 WL 2811816 (S.D.N.Y. July 21, 2008) (internal quotations marks omitted)).

Both Plaintiff and Defendants have filed timely objections to the Magistrate's Report.   None of Plaintiff's objections, however, are aimed specifically at the Magistrate's findings and recommendations.   Rather, the vast majority of Plaintiff's objections level accusations and grievances against Defendant Prudential, regarding its allegedly careless handling of her son's insurance policy.   (See generally Pl.'s Objs.)   Plaintiff's

4

objections do not challenge particular findings or recommendations of the Report, and therefore, do not trigger the Court's de novo review of any section of the Report.

In their objections, Defendants argue that it was inappropriate for Magistrate Judge Katz to consider the evidence Plaintiff presented, including her own lay opinion, regarding the authenticity of her son's signature on the policy application. Specifically, Defendants object that "[plaintiff] has not retained a handwriting expert. The Magistrate has given credence to plaintiff's unsupported allegations regarding decedent's handwriting." (Defs' Objs. ¶ 12.) Defendants state that, since the Cross-Motions for Summary Judgment were filed, Defendants have retained the services of a handwriting expert, and Defendants attach the alleged expert's report, in the form of an affidavit, to their objections. (Id. ¶ 14.) That report states among its "Findings" that "[i]t was determined that Timothy J. Feehan . . . in all probability, prepared the questioned [] applicant signature." (Affidavit of Richard M. Williams at 3) (emphasis added.) Defendants request that the Court consider this new evidence as "dispositive" of the principal issue of fact precluding summary judgment: the authenticity of Timothy J.'s initials on the policy application. (Defs.' Objs. ¶ 15.)

Defendants' objections regarding Plaintiff's evidence have no merit. As Judge Katz correctly noted in his Report, testimony from laywitnesses, like Plaintiff, who "have a familiarity with the handwriting which has not been acquired solely for the purposes of the litigation at hand", U.S. v. Samet, 466 F.3d 251, 254 (2d Cir. 2006) is appropriate to consider, among other evidence, when rendering a determination as to the genuineness of a particular handwriting. As to Defendants' expert, it is inappropriate for the Court to consider new evidence upon review of a Magistrate's Report and Recommendation, when Parties had an opportunity fully to brief their Cross-Motions before the Magistrate. Even if it were appropriate for the Court to consider this evidence, the Court would be required to provide Plaintiff with the opportunity to respond to or rebut Defendants' expert testimony with her own expert, before any factual resolution regarding the handwriting could be considered. Moreover, Defendants' expert's equivocal determination that "in all probability" Timothy J. himself signed the application is hardly "dispositive" of the question of the handwriting's authenticity, as Defendants ask the Court to find here. Rather, Defendants' expert's affidavit and/or forthcoming testimony merely supplements the facts that a jury may consider when resolving this issue. Such a fact-dependent determination is,

6

further, as Judge Katz stated in his Report, inappropriate for the Court to make on summary judgment. Because the "[i]dentification of handwriting is to be determined by the trier of fact," Prudential Ins. Co. v. Ellwein, 435 F.Supp. 248, 250 n.1 (S.D.N.Y. 1977) an assertion that a signature was forged cannot ordinarily be resolved on summary judgment. See, e.g., Brass Constr. v. Muller, No. 98 Civ. 5432 (MBM)(JCF), 2000 WL 791814, at *2 (S.D.N.Y. June 20, 2000); see also First Indem. Of Am. Ins. Co. v. Shinas, No. 03 Civ. 6634 (KMW)(KNF), 2009 WL 3154282, at *8-9 (S.D.N.Y. Sept. 30, 2009) (witness's testimony, along with expert submission, was sufficient evidence under New York law to raise triable issue of fact as to validity of signature).

Defendants' only additional objection aimed at the Report pertains to Judge Katz' determination that "if the [insurance] policy application and/or beneficiary designations are found to be invalid", depending on the authenticity of the signature, "it would result in either (i) invalidation of the [insurance] policy, so that the Decedent would have died without life insurance coverage, or (ii) a determination that the policy remained effective, but the beneficiary designations did not." (Defs.' Objs. ¶ 16, citing Report at 37.) Defendants object that "a decision invalidating the policy would do violence to [Judge

Chin's] prior decision . . . award[ing] half of the policy to defendant, Timothy G. Feehan." (Id. ¶ 17.) Defendants' objection, which pertains to the Magistrate's statement of the potential consequences of a factual determination that the insurance policy is invalid, is premature, and shall be addressed when and if that issue becomes an issue in this litigation. That the policy might be deemed invalid based on facts that were not before the Court when Judge Chin released half the policy proceeds to Timothy G. may not be something that Defendants like, but whether or not it is inappropriate would depend upon the reasons why the policy is deemed invalid. For that reason, and because this objection is not aimed at Judge Katz' findings and recommendations as they pertain to the resolution of Parties' Cross-Motions for Summary Judgment, the Court will not address it further here.

## II. Conclusion

Having conducted a de novo review of the objected-to portions of the July 26, 2010 Report, and a clear error review as to the remainder, it is hereby ORDERED AND ADJUDGED that the Report and Recommendation of Magistrate Judge Theodore H. Katz dated July 26, 2010, be and the same hereby is APPROVED, ADOPTED,

and RATIFIED by the Court in its entirety.  Parties' Cross-Motions for Summary Judgment are accordingly DENIED.

Parties shall submit their Proposed Voir Dire Questions and Proposed Requests to Charge to this Court, in conformity with the Court's Individual Practices, no later than Monday, November 15, 2010.  Parties shall file their Joint Pre-Trial Statement ("JPTS") and respective Memoranda of Law addressing the issues raised in the JPTS by November 15, 2010.  Responses to the Memoranda of Law shall be submitted by December 13, 2010.  There shall be no replies.

SO ORDERED.
DATED:     New York, New York
           September 22, 2010

_____
           DEBORAH A. BATTS
       United States District Judge